UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESTINY COUNTRYMAN,

    Plaintiff,

v.

TRANSUNION CORP.,

    Defendant.
_____/

Case No. 2:24-cv-11364
District Judge Mark A. Goldsmith
Magistrate Judge Kimberly G. Altman

## **ORDER TO SECURE LOCAL COUNSEL**

The above-captioned case was filed on May 22, 2024. Review of the Court's docket shows defendant Transunion Corp. has retained counsel from another jurisdiction but has not secured local counsel as required by E.D. Mich. LR 83.20, nor have they requested the Court to waive this requirement.

District courts have the authority to issue local rules governing the admission of counsel. 28 U.S.C. § 1654; *see generally* 28 U.S.C. § 2071 and Fed. R. Civ. P. 83 (permitting district courts to adopt local rules); *Frazier v. Heebe*, 482 U.S. 641, 645 (1987) (noting that a district court's "authority includes the regulation of admissions to its own bar"). Under the local rules, a lawyer must be admitted to this district's bar to practice in the district. E.D. Mich. LR 83.20(i). We require certain out-of-state members to associate with local counsel: "[a]

1

member of the bar of this court who appears as attorney of record in the district court and is not an active member of the State Bar of Michigan must specify as local counsel a member of the bar of this court with an office in the district." E.D. Mich. LR 83.20(f)(1). But "[o]n application, the court may relieve an attorney who is not an active member of the State Bar of Michigan of the obligation to specify local counsel." E.D. Mich. LR 83.20(f)(1).

The local-counsel requirement in Rule 83.20(f) serves several important purposes:

> Physical proximity and accessibility for case preparation events (e.g., depositions) is one; ready availability to the court for conference or hearings is another, familiarity with the Local Rules and the local legal culture is another. The ability of the court to easily monitor and govern the behavior of its attorneys is not unimportant.

*Belle v. Sunbeam Prods., Inc.*, No. 09-CV-13902, 2009 WL 3757059 at *1 (E.D. Mich. Nov. 9, 2009); see also *Keck v. Graham Hotel Sys., Inc.*, No. 07-CV-11042, 2007 WL 1452909, at *2 (E.D. Mich. May 15, 2007) (noting the importance of "the ability of the court to govern the behavior of its attorneys, including the ability to meaningfully refer a misbehaving attorney to the grievance procedures of the State Bar"). Courts in this district have required strict compliance to the rule. *See, e.g.*, *Crowley v. Liberty Life Assur. Co. of Boston*, No. 14-cv-11280, 2014 WL 2999288, at *5 (E.D. Mich. July 3, 2014) ("This Court requires strict compliance with E.D. Mich. L.R. 83.20(f).").

In this case, defense counsel is admitted to practice in this Court; however, he is not a member of the State Bar of Michigan. Therefore, **IT IS ORDERED** that Defendant secure local counsel by **June 28, 2024**.

SO ORDERED.

Dated: June 7, 2024                                s/Kimberly G. Altman
Detroit, Michigan                              KIMBERLY G. ALTMAN
                                                       United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 7, 2024.

                                                       s/ Kristen Castaneda
                                                       KRISTEN CASTANEDA
                                                       Case Manager in the absence of
                                                       Carolyn Ciesla