UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESTINY COUNTRYMAN,

    Plaintiff,

v.

TRANSUNION CORP.,

    Defendant.
_____/

Case No. 2:24-cv-11364
District Judge Mark A. Goldsmith
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS (ECF No. 6)[1]

### I. Introduction

This is a consumer rights case. Plaintiff Destiny Countryman (Countryman),[2] proceeding *pro se* and *in forma pauperis*, is suing defendant Transunion Corp. (Trans Union)[3] alleging that it violated the Fair Credit Reporting Act (FRCA) by reporting "inaccurate information." Pretrial proceedings have been referred to the undersigned under 28 U.S.C. § 636. (ECF No. 8). Before the Court

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).
[2] A similar case was filed by Juawan Countryman, 2:24-cv-11366, who is presumably related to Destiny Countryman. That case was also referred to the undersigned and is the subject of a separate report and recommendation.
[3] Although Countryman named Transunion Corp. as defendant, the correct identity is Trans Union LLC.

1

is Trans Union's motion to dismiss for failure to state a viable claim under the FCRA.  (ECF No. 6).  The motion is fully briefed, (ECF Nos. 6, 12, 13), and ready for consideration.  For the reasons that follow, it is RECOMMENDED that the motion be GRANTED, and the case DISMISSED.

## II.    Background

On April 17, 2024, Countryman filed a complaint in state court.  The complaint reads in full:

> Transunion has continued to violate my consumer rights and furnish inaccurate information on my credit report.  According to the FCRA all information must be 100% accurate.
> Violations – 15 U.S.C. § 1602(p)
>        15 U.S.C. 1681(2)(A)(i)
>        15 U.S. Code 1681e(b) and 15 U.S. Code 1681i(5)
>        15 U.S.C. 1681
>        15 U.S. Code 1681b.
> I demand $6,000 which I'm entitled to under the FCRA.
> Also defamation of character and emotional stress.  15 U.S. Code 1692e.

(ECF No. 1-3, PageID.11).  Trans Union timely removed the case to federal court based on federal question jurisdiction and then filed the instant motion.

Liberally construed, Countryman's complaint alleges that Trans Union somehow violated the FCRA by reporting "inaccurate information," referencing six (6) sections of the FCRA, including "15 US Code 1681e(b) and 15 U.S. Code

2

1681i(5),[4]" and generally, "15 U.S.C. 1681."

### III. Legal Standard

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield*

---

[4] Neither Trans Union nor the undersigned were able to locate this section of the FCRA. *See* ECF No. 6, PageID.32. However, both have assumed Countryman was attempting to plead a claim under 15 U.S.C. § 1681i, which will be addressed below.

*Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, " 'courts should not have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. . . . [N]either may the Court 'conjure up unpled allegations[.]' " *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

Finally, in ruling on a motion to dismiss, the Court may consider documents which are referenced in the complaint and integral to a plaintiff's claims. *Becker v. PennyMac Loan Servs., LLC*, 583 F. Supp. 3d 1090, 1097 (S.D. Ohio 2022); *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001).

IV. Discussion

A. FCRA

Trans Union argues that the complaint should be dismissed because it fails to identify any factually inaccurate information that Trans Union reported or otherwise set forth any allegations as to how Trans Union violated any of the

referenced statutes. The undersigned agrees.

The "FCRA expressly creates a private right of action to enforce many of its terms. Consumers may bring suit to recover actual damages, and potentially attorney's fees and costs, from '[a]ny person who is negligent in failing to comply with any requirement imposed ... with respect to any consumer' under the Act." *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615 (6th Cir. 2012) (quoting 15 U.S.C. § 1681o).

As explained in *LaBreck v. Mid-Mich. Credit Bureau*, 2016 WL 6927454, at *2 (W.D. Mich. Nov. 28, 2016), the FCRA regulates the field of consumer reporting and governs the collection and use of consumer credit information. The purpose of the Act is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer." 15 U.S.C. § 1681(b). The Act covers three main actors: (1) credit reporting agencies; (2) users of consumer reports; and (3) furnishers of information to credit reporting agencies. *LaBreck*, at *2 (citing *Ruggiero v. Kavlich*, 411 F.Supp.2d 734, 736 (N.D. Ohio 2005)).

The Court has assumed that Countryman is asserting a claim against Trans Union as a credit reporting agency. Under 15 U.S.C. § 1681i(a), a credit reporting agency must investigate disputed information free of charge at the consumer's

request. However, a violation of this statute does not exist if an inaccuracy does not exist. 15 U.S.C. § 1681i(a).

Countryman alleges that Trans Union reported and furnished "inaccurate information," and that Trans Union is somehow liable under the FCRA, referencing "15 U.S. Code 1681b." Importantly, to make out a FCRA claim, Countryman must "show[] that information in a credit report is inaccurate." *Cohen v. Trans Union*, 67 Fed. Appx. 325, 327 (6th Cir. 2003) (citing *Spence v. TRW, Inc.*, 92 F.3d 380, 382 (6th Cir. 1996)); *see also Dickens v. Trans Union, Corp.*, 18 F. App'x 315, 317-18 (6th Cir. 2001); *Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 941-42 (6th Cir. 2020).

The complaint does not specify what information is at issue, much less how "inaccurate information" resulted from a failure to maintain reasonable procedures or conduct a reasonable reinvestigation. Countryman has not alleged that Trans Union reported any inaccurate information or that any third parties received inaccurate credit reports from Trans Union. Thus, at the most basic level, she has not alleged a plausible claim under the FCRA.

Turning more specifically to 15 U.S.C. § 1681b, this section of the FCRA sets forth numerous permissible purposes under which a credit reporting agency is permitted to prepare a consumer report. Although a credit reporting agency may prepare a consumer report "in accordance with the written instructions of the

6

consumer to who it relates," the consumer's consent is generally not required. 15 U.S.C. § 1681b(a). Some of the permissible purposes include: (1) in connection with "a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer;" (2) "for employment purposes;" (3) for "the underwriting of insurance involving the consumer;" (4) "in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law;" (5) as "a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or repayment risks associated with, an existing credit obligation;" or (6) more generally, "in connection with a business transaction that is initiated by the consumer" or "to review an account to determine whether the consumer continues to meet the terms of the account." 15 U.S.C. § 1681b(a)(3)(A-F).

Trans Union cannot be liable under the FCRA for furnishing consumer reports to a person it believes will use the information for one of the several permissible purposes. *See generally id.*; *see also Huertas v. Galaxy Asset Management*, 641 F.3d 28, 34 (3d Cir. 2011) ("the statute expressly permits distribution of a consumer report to an entity that 'intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or

collection of an account of, the consumer'"); *Lusk v. TRW, Inc.*, 173 F.3d 429 (6th Cir. 1999) (affirming the district court's decision to dismiss the plaintiff's complaint because the furnisher had a permissible purpose to access the plaintiff's credit report). Therefore, to the extent Countryman alleges that Trans Union furnished her credit report without a permissible purpose, her claim fails.

Additionally, Countryman cites violations of 15 U.S.C. § 1602(p) and 15 U.S.C. § 1681a(2)(A)(i). However, these sections are related to Congressional findings and do not provide causes of action. *See Young v. Experian Info. Sols., Inc.*, No. CV TDC-22-1057, 2022 WL 16540838, at *4 (D. Md. Oct. 28, 2022) (noting that these sections both fall "within the part of the FCRA identifying 'Congressional findings and statement of purpose' and thus does not provide a basis for a specific cause of action.").

At best, Countryman simply disagrees with Trans Union's reporting and reinvestigation, but she does not describe which exact information she believes to be inaccurate. Therefore, the complaint fails to state a viable claim under the FCRA for Trans Union's reporting, reinvestigation, or otherwise.

B. Defamation

Trans Union also says to the extent Countryman alleges a state law defamation claim, it too must be dismissed.

In Michigan, a "plaintiff claiming defamation must plead a defamation claim

8

with specificity by identifying the exact language that the plaintiff alleges to be defamatory." *Ghanam v. Does*, 303 Mich. App. 522, 845 N.W.2d 128, 142 (2014) (citation omitted). The elements of the defamation claim "must be specifically pleaded, including the allegations with respect to the defamatory words, the connection between the plaintiff and the defamatory words, and the publication of the alleged defamatory words." *Gonyea v. Motor Parts Fed. Credit Union*, 192 Mich.App. 74, 480 N.W.2d 297, 299 (1991) (per curiam) (*citing Ledl v. Quik Pik Food Stores, Inc.*, 133 Mich. App. 583, 349 N.W.2d 529, 532 (1984)). "[A] defamation plaintiff must plead with specificity who published the defamatory statement, when it was published, and, most importantly, a plaintiff must identify the precise materially false statement published." *Rouch v. Enquirer & News of Battle Creek Michigan*, 440 Mich. 238, 487 N.W.2d 205, 220 (1992) (Riley, J., concurring) (citing *MacGriff v. Van Antwerp*, 327 Mich. 200, 41 N.W.2d 524, 526 (1950)).

As an initial matter, Countryman's single use of the phase "defamation of character," does not even come close to meeting the pleading requirements for a defamation claim under Michigan law. Further, the FCRA explicitly provides that "no consumer may bring any action or proceeding in the nature of defamation… except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). Countryman has not alleged that Trans Union

9

acted with malice or willful intent to injure her. As such, the complaint does not plausibly claim that Trans Union engaged in defamatory conduct.

Additionally, section 1681t(b)(1)(F) of the FCRA provides, in pertinent part, that "[n]o requirement or prohibition may be imposed under the laws of any State ... with respect to any subject matter regulated under ... section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies...." As observed in *Barkho v. Homecomings Financial, LLC*, 657 F.Supp.2d 857, 865 (E.D.Mich. 2009), "§ 1681s–2 only regulates conduct related to the reporting of credit information." Thus, a "defamation claim" that "stems directly from the allegedly inaccurate credit reporting by the Defendant" fits "squarely within section 1681 s–2" and is preempted under section 1681t(b)(1)(F) of the FCRA. *Id.*; *see also Munson v. Countrywide Home Loans, Inc.*, No. 08–13244, 2008 WL 5381866, *5 (E.D. Mich. Dec.17, 2008) (determining that because "the reporting of credit information is the subject matter regulated by § 1681s–2 [of the FCRA] and the plaintiffs' breach of contract action was based on the defendant's "actions in reporting Plaintiffs' payment history," that claim was preempted by the FCRA); *Chungag v. Wells Fargo Bank, N.A.*, No. 10-14648, 2011 WL 672229, at *5 (E.D. Mich. Feb. 17, 2011), aff'd, 489 F. App'x 820 (6th Cir. 2012).

Countryman's state law defamation claim is based on Trans Union's alleged

10

inaccurate reporting. Thus, consistent with the above authority, this defamation claim fits within § 1681s–2 of the FCRA and is preempted under § 1681t(b)(1)(F) of that Act. Overall, Countryman's defamation claim should be dismissed.

### C. Countryman's Response

Countryman filed a response to Trans Union's motion. In its reply, Trans Union says that the response "fails to rebut any of the arguments raised in Trans Union's Motion, offering only conclusory objections and absent of any factual or legal basis in support of her belief that she has sufficiently plead her Fair Credit Reporting Act ("FCRA") claim." (ECF No. 13, PageID.55). Countryman also appears to attempt to amend her complaint to add a new claim – a fraud block claim under 15 U.S.C. § 1681s2(b) – by alleging that she received her credit report and it was "inaccurate information reporting" and "it should be updated or deleted if they can't verify the account which was a BMW financial account, Michigan State account, and a Prosper account." (ECF No. 12, PageID.52). Countryman also says that "[d]isplaying inaccurate/ false late payments harms my financial reputation." (*Id.*, PageID.53).

As an initial matter, a party cannot raise a new claim in response to a dispositive motion. *See Desparois v. Perrysburg Exempted Village Sch. Dist.*, 455 F.App'x 659, 665-66 (6th Cir. 2012). "On a motion to dismiss, the focus is on the complaint, and whether the complaint sufficiently pleads facts to support a claim . .

11

." *See Hall v. Meisner*, No. 20-12230, 2021 U.S. Dist. LEXIS 75541, * 18 (E.D. Mich. Apr. 20, 2021). However, if a defendant has had the opportunity to address the new argument, the Court may address it. *See Cruz v. Capital One, N.A.*, 192 F. Supp. 3d 832, 839 (E.D. Mich. 2016). As Trans Union addressed Countryman's new allegations, so will the undersigned.

Trans Union says that Countryman has not plead sufficient facts to support a claim under § 1681s-2(b) of the FCRA. The undersigned agrees. To state a claim under 15 U.S.C. § 1681s-2(b), Countryman must meet two requirements: first, "[t]he plaintiff must make a prima facie showing that the *data furnisher* provided incomplete information," and second, "[t]he plaintiff must also show that the incompleteness of inaccuracy was the product of an unreasonable investigation . . ." *See Frazier v. Dovenmuehle Mortg., Inc.*, 72 F.4th 769, 775 (7th Cir. 2023).

The problem for Countryman is that Trans Union is a *consumer reporting agency* as defined by the FCRA; it is not a *furnisher*. *See Nolden v. Equifax Info. Servs*., LLC, No. 2:23-cv-3434, 2023 U.S.C. Dist. LEXIS 197825 *5 (S.D. Oh. Nov. 3, 2023) ("Defendants Equifax, Experian, and TransUnion are 'consumer reporting agencies' or 'CRAs' under the FCRA") (citing 15 U.S.C. § 1681a(f)). Because 15 U.S.C. § 1681s-2(b) of the FCRA imposes obligations on furnishers and not consumer reporting agencies like Trans Union, Countryman cannot assert a claim against Trans Union. *See id*. at *4

("Because Defendants are themselves CRAs, and not furnishers of information to CRAs, § 1681s-2 does not govern Defendants' conduct.  Plaintiff therefore fails to state a claim upon which relief can be granted under § 1681s-2(b)).

Finally, Countryman also attempts to amend her complaint by including new factual allegations in her response.  She now alleges that her credit report included "inaccurate information reporting;" however, she again does not indicate which information was inaccurate.  (ECF No. 12, PageID.52).  As discussed above, Countryman also says that "[d]isplaying inaccurate/ false late payments harms my financial reputation." (*Id.*, PageID.53).  Even considering these new facts, Countryman still makes vague and conclusory allegations without any support or explanation.  She does not refer to any particular account or allege how any particular information is inaccurate.  None of these additional allegations could plausibly add up to a viable claim under the FCRA.

## V.     Conclusion

For the reasons stated above, it is RECOMMENDED that Trans Union's motion to dismiss be GRANTED and the case be DISMISSED.

Dated: October 11, 2024                                s/Kimberly G. Altman
Detroit, Michigan                                           KIMBERLY G. ALTMAN
                                                                      United States Magistrate Judge

## **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 11, 2024.

s/Kristen Castaneda  
Kristen Castaneda  
Case Manager